```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LES KRAMSKY,                                               :
                                                           :
                        Plaintiff,                         :
                                                           :         10 CV 2638 (HB)
    - against -                                            :
                                                           :         OPINION & ORDER
CHETRIT GROUP, LLC, JOSEPH CHETRIT,                        :
JUDA CHETRIT, MEYER CHETRIT, and                           :
JACOB CHETRIT                                              :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------x
```

**Hon. Harold Baer, Jr., District Judge:**

The Defendants bring this motion to dismiss following Plaintiff's having brought suit against Defendants Chetrit Group, LLC, Joseph Chetrit, Juda Chetrit, Meyer Chetrit, and Jacob Chetrit.  Plaintiff filed his Second Amended Complaint ("SAC") on May 6, 2010, alleging causes of action for (1) promissory estoppel; (2) religious discrimination in violation of New York City Administrative Code § 8-502(a), *et seq.*; (3) being made to suffer smoking in the workplace, and (4) retaliation for his complaints about smoking, in violation of New York City Administrative Code § 17-504; (5) nonpayment of wages owed, in violation of New York State Labor Law § 198, *et seq.*; (6) retaliation in violation of New York State Labor Law § 215; and (7) breach of contract.

Defendants move to dismiss the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants argue that Plaintiff's assertion of a claim pursuant to New York Labor Law § 740 in his original Complaint and his First Amended Complaint effectively waives all of his other claims, because section 740 contains an election of remedies provision requiring a plaintiff to choose between commencing a section 740 whistleblower action or asserting some other claim or claims.  Defendants argue that Plaintiff's Second Amended Complaint, in which he omits all reference to New York Labor Law § 740, does not render his initial section 740 pleading void.  For the reasons stated below, Defendant's motion is granted in part and denied in part.

1

## I.   FACTUAL BACKGROUND

Kramsky, a real estate attorney, alleges that he interviewed with the Chetrit Group, a multi-million dollar real estate company, on February 11, 2009 for the position of General Counsel. On March 31, 2009, the parties allegedly executed an employment agreement pursuant to which Kramsky was hired and would begin work on April 7, 2009. He was to receive a salary of $150,000 per year, in addition to which he would be eligible for a $30,000 bonus upon completion of one year of employment. According to Kramsky, the agreement further reflected Defendant Joseph Chetrit's preference that Kramsky be paid as a 1099 independent contractor for his first ninety days of work, after which he would become a full-time, W-2 employee with health insurance benefits.

After shutting down his private practice, Kramsky began work at the Chetrit Group on April 20, 2009. On July 21, 2009 he informed Defendants Joseph and Meyer Chetrit that the initial 90 day independent contractor period had expired and that he should be reclassified as a W-2 employee as stipulated in the employment agreement. Kramsky alleges that Defendants refused to pay him as a W-2 employee, stating that he would continue to be paid as a 1099 contractor, but would receive monthly reimbursements for a private health insurance plan. Between July 2009 and January 2010, Kramsky continued to request that he be put on the Chetrit Group's health insurance plan, and ultimately informed Defendants that he would file a complaint with the New York Department of Labor if the situation was not rectified by January 22, 2010. On January 22, 2010, Kramsky was terminated by the Chetrit Group.

Kramsky alleges that during the period of time when he worked at the Chetrit Group, he was discriminated against due to his religious beliefs—namely, because he does not practice Orthodox Judaism. He alleges that in June 2009, Defendant Meyer Chetrit asked whether Kramsky belonged to an Orthodox synagogue, and after Kramsky replied in the negative, Defendants began to treat him differently. For example, Kramsky claims that projects that would normally be assigned to him as general counsel were instead assigned to outside, Orthodox Jewish counsel. Furthermore, Kramsky alleges that Defendants refused to provide him with blank checks or power of attorney during real estate closings.

Based on these facts, Kramsky filed a Complaint in this Court on March 24, 2010, in which he alleged religious discrimination and various claims relating to his employment

agreement and termination.  He alleged the same causes of action in his First Amended Complaint, which he filed as a matter of course on April 16, 2010.  In both the original Complaint and the First Amended Complaint, Kramsky also raised a retaliation claim based on New York Labor Law § 740, a whistleblower statute that prohibits employers from retaliating against employees who report certain illegal or otherwise prohibited activities by their employers.

At a pre-trial conference on May 5, 2010, Defendants revealed that they planned to move to dismiss the Complaint based on Plaintiff's references to section 740.  On May 6, without having received permission from the Court pursuant to Rule 15(a)(2), Kramsky filed a Second Amended Complaint, in which he deleted his claims pursuant to section 740 and replaced them with retaliation claims pursuant to New York Labor Law § 215, which has no waiver provision.  On May 7, counsel for Kramsky wrote to the Court seeking permission to file the Second Amended Complaint which had, in fact, already been filed.  By endorsement dated May 12, I granted Kramsky's request to file a Second Amended Complaint,

In the meantime, also on May 7, Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  After Kramsky filed his Second Amended Complaint, Defendants updated their motion to dismiss.  They continued to argue that Kramsky's initial pleading pursuant to section 740 had waived his right to pursue other remedies, despite the fact that he had received permission to file a Second Amended Complaint that omitted all references to section 740.

### III.     LEGAL STANDARD

A complaint will be dismissed under Rule 12(b)(6) if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Where the court finds well-pleaded factual allegations, it should assume their veracity and determine whether they "plausibly give rise to an entitlement to relief." *Id.* at 1950.

When evaluating a motion pursuant to Rule 12(b)(6), a court must accept as true all of the allegations contained within the complaint. *See Cooper v. Pate*, 378 U.S. 546 (1964) (per curiam). The court must also draw all reasonable inferences from the complaint's allegations in favor of the nonmoving party. *See, e.g.*, *McCarthy v. Dun & Bradstreet Co.*, 482 F.3d 184, 191 (2d Cir. 2007).

## IV.   DISCUSSION

### A. Waiver Pursuant to New York Labor Law § 740(7)

Section 740 of New York's Labor Laws, the Whistleblower Statute, prohibits an employer from taking retaliatory action against an employee because an employee "discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health and safety." N.Y. Labor Law § 740(2)(a). The statute also contains an existing remedies provision, more often referred to as the waiver provision, which states as follows:  "Existing rights.  Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract; *except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law*." N.Y. Labor Law § 740(7) (emphasis added).

The breadth of the statute's waiver provision is extraordinary, as the New York Court of Appeals acknowledged in *Reddington v. Staten Island University Hosp.,* 11 N.Y.3d 80 (2008). "The plain text of this provision indicates that 'institut[ing]' an action –without anything more— triggers waiver.  And in New York, an action is instituted with the filing of a complaint and service upon opposing parties." *Id.* at 87.  Prior to *Reddington*, some courts refused to hold, despite the plain language of the statute, that the mere "institution" of an action under section 740 could trigger the waiver provision.  They held, in effect, that an action could be un-instituted if the section 740 claim was dismissed or abandoned. *See, e.g.*, *Gonzalez v. John T. Mather Mem. Hosp.*, 147 Misc.2d 1082, 1083-84 (N.Y. Sup. Ct. 1990); *Clarke v. TRW, Inc.*, 1994 WL 591577 at *3-4 (N.D.N.Y. 1994); *Gaughan v. Nelson,* 1997 WL 80549 at *2 (S.D.N.Y. 1997). Although there is a dearth of caselaw as to how waiver works where a plaintiff has already filed an amended pleading that attempts to cure the waiver problem by omitting all references to

4

section 740, there are a number of cases where courts declined to allow plaintiff to file an amended complaint withdrawing the section 740 claim, because waiver pursuant to section 740(7) was triggered at the moment the original pleading was filed.

In *Gaughan v. Nelson*, for instance, the Court found that plaintiff could not erase the initial waiver of alternate claims and remedies by filing an amended complaint omitting the § 740 claim. 1997 WL 80549 (S.D.N.Y. Feb. 26, 1997). Similarly, in *Ex rel. Mikes v. Straus*, the Court explicitly addressed the issue of how to treat competing state claims in light of the § 740(7) waiver, finding that "[w]here competing state claims are at stake, subsection 7 decrees that *mere invocation* of Labor Law 740 alone is enough to vitiate any other claims irrevocably." 846 F. Supp. 21, 24 (S.D.N.Y. 1994) (emphasis added). Even prior to *Reddington*, most New York state cases supported defendant's contention that the institution of the section 740 action triggers the waiver provision. *See, e.g.*, *Rotwein v. Sunharbor Manor Residential Health Care Facility*, 695 N.Y.S.2d 477 (N.Y. Sup. Ct. 1999) (finding that amended complaint deleting § 740 claim would not nullify initial waiver of other rights and remedies); *Owitz v. Beth Israel Medical Center*, 2004 WL 258087 (N.Y. Sup. Ct. 2004) (holding that plaintiff may not amend complaint simply in order to avoid consequences of § 740 waiver provision).

Here, Plaintiff requested and received permission to file a Second Amended Complaint because of what counsel described as a "minor and inadvertent pleading error," which turned out to be the inclusion of a cause of action pursuant to section 740 in both the original Complaint and the First Amended Complaint. *See* Harman Letter of May 7, 2010 (Docket No. 16).[1] Although the general rule is that an Amended Complaint filed pursuant to Fed. R. Civ. P. 15(a) supersedes any prior Complaints, *see International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977), the filing of the amended pleading cannot change the rule that the section 740(7) waiver clause is triggered at the moment when a section 740 cause of action is filed, regardless of whether that cause of action is deleted via later amendment. I must therefore determine which causes of action are waived by Plaintiff's initial pleading pursuant to section 740.

---

[1] Plaintiff included a cause of action pursuant to section 740 in both his original Complaint and his First Amended Complaint. Indeed, in both version of his pleading, he quotes section 740(a)(2) in full, indicating that his pleading did not contain a mistaken reference or improper citation, as Plaintiff's counsel would have it, but rather, a deliberate invocation of section 740. *See McGrane v. Reader's Digest Association, Inc.*, 1993 WL 525127, at *2 (S.D.N.Y. Dec. 13, 1993) (only when a litigant "deliberately chooses" to invoke the remedies outlined in § 740 will the waiver provision will apply in full force).

**B.** **The Two Competing Interpretations of § 740(7) Waiver**

Courts are faced with two competing interpretations of section 740(7), both of which seek to harmonize the statute's existing remedies provision while protecting health and safety whistleblowing by employees, which is the statute's ultimate purpose.

To determine which causes of action are waived when section 740 is asserted, and which may be maintained, the New York state courts look at whether the other causes of action asserted arise out of the same "underlying claim." *See Garner v. China Natural Gas, Inc.*, 71 A.D.3d 825, 827 (N.Y. App. Div. 2010) (stating that plaintiff waived all causes of action "relating to" the alleged retaliatory discharge); *Deshpande v. TJH Med. Servs.*, 52 A.D.3d 648, 651 (N.Y. App. Div. 2008) ("[P]laintiff waived recovery under the second cause of action to the extent it arose from the alleged retaliatory discharge."); *Owitz*, 2004 WL 258087, at *4 ("Since all of Owitz's claims thus arise out of or relate to the same underlying claim of wrongful discharge [they] are barred by the waiver provision of Labor Law § 740(7)."); *Feinman v. Morgan Stanley Dean Witter*, 752 N.Y.S.2d 229 (N.Y. Sup. Ct. 2002) ("Although this subsection does not bar a separate cause of action, it bars claims which arise out of the same facts as give rise to the claim brought under section 740(2)."). However, there is a paucity of language as to what would constitute a different cause of action. In *Feinman*, for example, plaintiff was barred from bringing an age discrimination complaint, despite the fact that age discrimination and retaliation for whistleblowing are two entirely distinct wrongs. It was the mere fact that both causes of action were based on the same discharge that rendered the age discrimination complaint subject to waiver.

The alternate construction of section 740(7), more often following by federal courts deciding such cases, leads to somewhat less harsh results. This interpretation is presented most thoroughly in *Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256, 262 (S.D.N.Y. 2001), in which the Court provided a lengthy and detailed examination of § 740(7)'s text, purpose, and potential constructions. *Collette* concludes that "the waiver provision…should be read to require employees who invoke its protection to waive only other legal rights and remedies that protect against the same wrong that the statute itself prohibits." 132 F. Supp. 2d at 267. Such a standard "effectuates the Act's remedial purpose by permitting employees to pursue legitimately independent claims, while prohibiting claims that duplicate or overlap the statutory remedies for retaliation." *Id.* Though concededly more narrow than the interpretation proffered by the state

courts, this Court agrees with *Collette* and its followers that this narrower interpretation is most consonant with section 740's overall statutory scheme.

### B. Application of § 740(7) to the Present Case

*Causes of Action Subject to Waiver*

Plaintiff's Second Amended Complaint deletes all references to section 740 and instead replaces them with references to New York Labor Law section 215, which also governs retaliatory discharges. The main difference between sections 740 and 215, aside from the waiver clause in the former, is that section 740 is designed to encourage employees to "blow the whistle" regarding employer practices that are detrimental to the public health and safety, while section 215 provides a remedy for more general retaliation. However, both statutes are essentially designed to protect against the same "wrong"—namely, employer retaliation. Kramsky alleges in his original Complaint (¶ 68) and in his First Amended Complaint (¶ 93) that Defendants retaliated against him for complaining about smoking in the workplace. Similarly, in the Second Amended Complaint, Kramsky once again alleges that Defendants retaliated against him for his "complaints against the constant smoking in the workplace" (¶ 93). Although the allegations in the Second Amended Complaint are made pursuant to New York Labor Law § 215, the retaliation claim for complaining about smoking is identical to the smoking-related retaliation claims pursuant to section 740 made in the original and First Amended Complaints. Thus, Plaintiff's Fourth Cause of Action, "Retaliation for Complaints Against Smoking," must be dismissed.

Plaintiff's Third Cause of Action, for discriminating against Plaintiff by forcing him to work in an environment that tolerated smoking, must also be dismissed. Plaintiff bases his discrimination claim on Defendants' alleged violation of New York City Administrative Code § 504(a), the exact same health and safety provision that Plaintiff cites in his smoking retaliation claim. He alleges no basis upon which it was discriminatory for Plaintiffs to allow smoking in the workplace, other than the fact that it violated the New York City Administrative Code, and that the smoke "made him sick, gave him headaches, and made his clothes smell disgusting." Second Am. Cplt. ¶ 63. Plaintiff's Third Cause of Action is essentially a part of his claim that Defendants retaliated against him for complaining about smoking, and thus, it too must be dismissed.

Finally, Plaintiff's Sixth Cause of Action, simply titled "New York Labor Law § 215," must be dismissed, because it is a thinly veiled recasting of the retaliation claim made pursuant to section 740 in his original and First Amended Complaints.  Section 740(7) clearly prohibits "claims that duplicate or overlap the statutory remedies for retaliation," *see Collette,* 132 F. Supp. 2d at 262, and therefore, Plaintiff's Sixth Cause of Action must be dismissed.

*Causes of Action Not Subject to Waiver*

Plaintiff's Second Cause of Action concerns religious discrimination that he allegedly suffered throughout his time as an employee of the Chetrit Group. Even under a broader "same course of conduct" reading of section 740(7), Plaintiff's religious discrimination claim would likely survive, because he does not allege that his termination was due to religious discrimination, only that he was subjected to a hostile work environment while employed.  Even under this Court's narrow reading of the section 740(7) waiver provision, Plaintiff's religious discrimination claim survives.

Plaintiff's First, Fifth, and Seventh Causes of Action, for Promissory Estoppel, Failure to Pay Wages, and Breach of Contract, present closer cases. Under a broader construction of section 740(7), all three of these causes of actions would likely be dismissed as they "arise out of" the same underlying termination.  Plaintiff complained about and threatened to report defendants' behavior regarding their breach of contract, and failure to pay wages. These complaints allegedly led to plaintiff's termination and thus "relate to" such termination. However, the claims are designed to address wholly different wrongs than § 740 seeks to prevent. As *Collette* pointed out, section 740 allows a litigant to vindicate her "job security." 132 F.Supp.2d at 265.  Actions for promissory estoppel, failure to pay wages, and breach of contract have much more to do with restitution.  Thus, they seek to address the wrongs that the employer committed before retaliation ever became an issue and may not be dismissed at this stage.

## V.   CONCLUSION

Defendants' motion to dismiss is hereby GRANTED as to Plaintiff's Third, Fourth, and Sixth Causes of Action and DENIED as to Plaintiff's First, Second, Fifth and Seventh Causes of

Action. The Clerk of Court is directed to close this motion and remove it from my docket. The parties are directed to proceed in accordance with the Pretrial Scheduling Order of May 5, 2010.

**SO ORDERED**

November 16, 2010
New York, New York

_____
U.S.D.J.

9